## AMERICAN CAN CO. v. FUNKHOUSER.

(Circuit Court of Appeals, Ninth Circuit. March 13, 1922. Rehearing Denied May 1, 1922.)

### No. 3738.

Damages ⬤➡124(3)—For breach; lost profits recoverable when certain.

Where plaintiff had so far performed a contract, when a breach by defendant made further performance impossible, as to make it certain that he would have fully performed and have made a profit, the amount of which is ascertainable, such lost profit is recoverable as damages in an action for the breach.

In Error to the District Court of the United States for the Northern Division of the Eastern District of Washington; Frank H. Rudkin, Judge.

Action at law by Frank Funkhouser against the American Can Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Horace Kent Tenney and A. D. Collins, both of Chicago, Ill., and Jas. A. Williams, of Spokane, Wash. (Danson, Williams & Danson, of Spokane, Wash., and Chickering & Gregory, of San Francisco, Cal., of counsel), for plaintiff in error.

F. A. Garrecht, of Spokane, Wash., for defendant in error.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. This case differs from American Can Co. v. Garnett (simultaneously decided herewith) 279 Fed. 722, in that the court below awarded damages for future or prospective profits, holding that performance had so far progressed as to enable the court to see that the plaintiff would have fully performed the contract, except for the defendant's default, and that the profits which would accrue from such performance were substantial and ascertainable. We find no ground for disturbing the judgment of the court below, based, as it was, upon undisputed testimony which showed that the plaintiff had made extensive preparation to sell the motor sets, and had obtained numerous orders from prospective purchasers within the territory allotted to him, and that he could have sold and received payments for all the motor sets which he had ordered from the defendant under the terms of the contract, and for which he had made the advance payment of $2 for each motor set. Under this state of facts the profits were reasonably certain, and they are recoverable as damages. Port Blakely Mill Co. v. Sharkey, 102 Fed. 259, 42 C. C. A. 329; Northwest Auto Co. v. Harmon, 250 Fed. 832, 163 C. C. A. 146, Ann. Cas. 1918E, 461.

The judgment is affirmed.